IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID MADISON, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:15cv351–HEH
)
BOBST NORTH AMERICA, INC. )
and WALTER CARTER, )
)
Defendants. )

### MEMORANDUM OPINION
(Granting in Part and Denying in Part Defendants' Motion to Dismiss)

Plaintiff David Madison ("Plaintiff" or "Madison") brings this action against Bobst North America, Inc. and Walter Carter (collectively, "Defendants")[1] for personal injuries he suffered as a result of Defendants' alleged negligent installation of machinery at Amcor Tobacco Packaging ("Amcor"), located in Chesterfield County, Virginia. The underlying incident occurred on or about September 9, 2013. (Compl. ¶ 4.) At that time, Madison, an employee of Amcor, was electrically shocked when he touched the casing of a "McLean climate controller/air conditioning unit," which was wired to, and operated with a "Domino 110-M II finisher gluer machine, also known as a folder-gluer machine." (Id. at ¶¶ 2, 4.) Plaintiff alleges that Bobst North America, Inc. ("Bobst"), by and through its agents, including but not limited to Walter Carter ("Carter"), "negligently disassembled, packaged, delivered, installed, assembled, tested, inspected, placed in service and commissioned" the

---

[1] Initially, Plaintiff also included Bobst Group North America, Inc. and Bobst Group USA, Inc. as named party-defendants. Upon the parties' representations in a Consent Motion to Voluntarily Dismiss (ECF No. 10) that these defendants are no longer legal entities, the Court dismissed Bobst Group North America, Inc. and Bobst Group USA, Inc. with prejudice. (Order, July 20, 2015, ECF No. 11.)

folder-gluer machine and attached air conditioning unit at Amcor for use by Amcor employees. (*Id.*)

Plaintiff further alleges that Defendants failed to ground and wrongfully energized the casing of the air conditioning unit, and then did not properly and adequately test or inspect the air conditioning unit and attached folder-gluer machine. (*Id.* at ¶¶ 3, 5.) Plaintiff also asserts that Defendants "failed to warn [him] of the dangerous, hazardous and unsafe condition" of the air conditioning unit as a result of it being ungrounded and wrongfully energized. (*Id.* at ¶ 6.) As a result of this alleged negligence, Madison was electrically shocked when he touched the casing of the air conditioning unit, as he was "observing and examining" the folder-gluer and air conditioning machinery. (*Id.* at ¶ 4.)

Plaintiff filed his Complaint on June 9, 2015 (ECF No. 1). The matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, jointly filed by Defendants on June 30, 2015 with a memorandum in support thereof (ECF No. 5–6). Plaintiff filed a brief in opposition to the motion (ECF No. 8) to which Defendants replied (ECF No. 9). The motion is now ripe for decision, and the Court dispenses with oral argument, as the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. *See* E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, Defendants' Rule 12(b)(6) Motion to Dismiss will be granted in part and denied in part.

This Court exercises diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.[2] A

---

[2] The Complaint alleges that Madison is a citizen of Virginia, Bobst is a New Jersey corporation with its principal place of business outside Virginia, and Carter is not a citizen of Virginia. (Compl. 1.) Defendants do not challenge jurisdiction. (Answer & Affirm. Defenses 2, Aug. 15, 2015, ECF No. 15.)

court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. v. Thompkins*, 304 U.S. 64, 78–79 (1938). Accordingly, this Court applies the substantive law of the Commonwealth of Virginia, yet employs the procedural law of the Court of Appeals for the Fourth Circuit to weigh the factual sufficiency of the pleadings. *See Bayer AG v. Housey Pharms., Inc.*, 340 F.3d 1367, 1371 (Fed. Cir. 2003).

The standard in the Fourth Circuit is well-settled. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face." *Id.* at 570.

To survive Rule 12(b)(6) scrutiny, a complaint only need contain "enough facts to state a claim to relief that is plausible on its face." *Id.* A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186,

193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted).

As Plaintiff's brief opposing the Motion to Dismiss indicates, this is not a products liability or negligent repair case—an assertion consistent with this Court's review of the Complaint. (*See* Pl.'s Mem. in Opp'n 7, at n.2, July 10, 2015, ECF No. 8.) Accordingly, the Court construes this matter as a simple negligence case under Virginia law. As such, to survive a Rule 12(b)(6) challenge, Plaintiff's Complaint must plausibly allege that (1) Defendants owed Plaintiff a duty, (2) Defendants breached that duty, and (3) this breach caused Plaintiff to suffer damages. *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003) (citing *Fox v. Custis*, 236 Va. 69, 73 (1988). As the Virginia Supreme Court recently noted, "[g]eneral negligence principles require [one] to exercise due care to avoid injuring others[,]" and "[t]his general duty [of care] is owed to those within reach of a defendant's conduct." *RGR, LLC v. Settle*, 288 Va. 260, 275–276 (2014) (en banc).

At its core, Plaintiff's Complaint is very simple. He alleges that Defendants installed the air conditioning unit and attached folder-gluer machine at the Amcor facility for use by Amcor employees, including Madison, and as a result of Defendants' improper installation of the machinery, Madison was injured. The Court finds that Plaintiff has alleged facts that state the necessary elements for a plausible claim of simple negligence, relying upon the general duty of ordinary care.

To the extent Plaintiff states a negligence claim based upon a failure to warn, that claim will be dismissed. To prevail on such a claim, Madison must establish that

4

Defendants: (1) knew or had reason to know that the folder-gluer and air conditioning machinery were or were likely to be dangerous for their intended use, (2) had no reason to believe that those for whose use that machinery was supplied—here, Madison—would realize its dangerous condition, and (3) failed to exercise reasonable care to inform the user of its dangerous condition or of the facts which made it likely to be dangerous. *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 961, (1979) (citing Restatement (Second) of Torts § 388 (1965)). That Defendants had knowledge or reason to know that the machinery was dangerous is a critical component of a failure to warn claim. *Featherall*, 219 Va. at 961. As the Virginia Supreme Court has declared, "the appropriate standard in Virginia is whether [Defendants had] a *reason to know*, not whether [they] *should know*." *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 136 (1992) (emphasis in original). Plaintiff's Complaint is devoid of facts indicating that Bobst or Carter had a reason to know that the folder-gluer machine and attached air conditioning unit, as installed, were dangerous.

In sum, the Court finds that Plaintiff's factual allegations are sufficient to state a plausible claim of simple negligence, relying upon the general duty of ordinary care, but those allegations are insufficient to withstand Rule 12(b)(6) scrutiny under a failure to warn theory. Accordingly, Defendants' Motion to Dismiss will be granted in part and denied in part.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 31 2015
Richmond, Virginia