IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID MADISON,**  Plaintiff,

v.   CASE NO. 3:15cv351
The Honorable Judge Hudson

**BOBST NORTH AMERICA, INC., ET AL.**  Defendants.

### ORDER FOR RULE 35 PHYSICAL AND MENTAL EXAMINATION OF PLAINTIFF BY JAMES F. CALLAND, M.D.

Upon motion of Defendants, by counsel, pursuant to Rule 35 of the Federal Rules of Civil Procedure, for good cause shown, the Court ORDERS as follows:

1. The Plaintiff shall submit to an examination consisting of physical examination by James F. Calland, M.D., selected by counsel for the Defendants.

2. The examination shall take place on December 10, 2015, at the office of Carl Weiss, PC, 8220 Meadowbridge Road, Suite 303, Mechanicsville, Virginia.

3. The testing conducted/administered by Dr. Calland shall be standard testing as accepted in that field. The physical examination shall consist of visual assessment by the examiner, manual palpation or measurement, if desired by the examiner, and directed questioning by the examiner about the results of in-session physical tests. There will not be any invasive testing, films, nerve conduction studies or other intrusive or painful requirements of stimuli.

4. The Plaintiff need not provide any documents, x-rays, MRI films or any other item to the examiner on the examination date.

5. This medical examination is not a deposition. Any questioning of the Plaintiff by Dr. Calland or any patient history taken by Dr. Calland shall be limited in

1

scope and only for standard evaluation.

6. The examiner will limit his questions on liability to those questions that are necessary to conduct the standard evaluation and to determine whether the claimed injuries are reasonably related to the subject incident.

7. Any medical history forms Dr. Calland wishes to have Plaintiff complete or prepare will be provided to Plaintiff's counsel at least 24 hours before the start of the examination. Any such medical history forms completed by the Plaintiff shall not be admissible at trial, but may be relied upon by Dr. Calland.

8. Dr. Calland will not refer to his examination/testing as an "independent medical examination", "IME", or "court ordered" or use any other term designed to imply independent or impartiality in his report or testimony, and no representation shall be made explicitly or by implication that the results of the examination has been sanctioned by the Court or that the Court accords the examination any greater weight through any other evidence, whether such testimony is in person, by video, or by transcript.

9. The examiner shall prepare a report setting forth all findings, diagnoses, conclusions and the results of any tests, which shall be in writing and transmitted to counsel for the parties on or before December 29, 2015.

10. Copies of the examiner's report, his curriculum vitae, and a copy of his charges will be furnished to counsel for the plaintiff on or before December 29, 2015.

11. This examination is by agreement. Plaintiff is voluntarily appearing for the examination. .

12. All costs of the examination shall be borne by the Defendants.

2

13. Counsel for the Defendants will provide the examiner with a copy of this Order in advance of the examination, and Dr. Calland will agree to abide by its terms.

14. The examination shall be completed on the date on which it is scheduled provided that Plaintiff appears and cooperates.

The Clerk shall send certified copies of this Order to Counsel of Record.

/s/
Judge, United States District Court for
The Eastern District of Virginia

Entered: Dec 8, 2015