IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DAVID MADISON,

    Plaintiff,

v.

BOBST NORTH AMERICA, INC.      CASE NO. 3:15cv351
                                                             The Honorable Judge Hudson
and

WALTER CARTER

    Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S EXPERT DISCLOSURE AND EXPERT REPORTS

COME NOW, Defendants Bobst North America, Inc. and Walter Carter, by and through undersigned counsel, and hereby submit, pursuant to Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, their Memorandum of Law in Support of their Motion to Strike and Motion for Protective Order, incorporated fully herein.

This negligence case is set for a two-day trial – February 16 and 17, 2016. Plaintiff recently disclosed fifteen (15) experts. Twelve (12) of Plaintiff's experts are specially retained experts that served expert reports. Plaintiff acknowledges in his expert disclosure cover letter that his "Rule 26(a)(2) disclosures contain some redundancy and overlap of expert opinions." (Pl.'s Counsel's Letter to Bondurant 12/18/2015, attached as **Ex. A**.) The Pretrial Scheduling Order in this case states: "Only one expert per discipline is permitted, except by order of the Court." (ECF Doc. No. 24 at 4.) Rule 26(b)(2)(C) mandates that a court "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . .

discovery sought is unreasonably cumulative or duplicative" and if "the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case."

Plaintiff has designated two electrical engineer proposed experts on liability. These proposed expert reports have essentially the same opinions. (*See* excerpts of Pfeiffer Report attached as **Ex. B** and excerpts of Coste Report attached as **Ex. C**.) Based on the Pretrial Scheduling Order of "one expert per discipline," Plaintiff is permitted one electrical engineer expert. Plaintiff states in his expert disclosure cover letter that "plaintiff will not be offering any trial testimony which constitutes duplicative, cumulative or corroborative opinions on the same subject/issue from experts in the same discipline." (**Ex. A**.) However, Defendants should not be required to expend the time and cost of deposing both of Plaintiff's electrical engineer experts only to have Plaintiff then elect which to use at trial. This Court should strike one of Plaintiff's proposed liability experts.

Plaintiff designated nine (9) medical experts, six (6) of which are specially retained with expert reports. Additionally, Plaintiff also specially designated four (4) experts – a neuropsychologist, a psychologist (vocational), a life-care planner, and an economist. There are clear overlaps among these medical experts, even though each has a different specialty. For example, plaintiff designated six (6) experts to testify, at least in part, regarding Plaintiff's alleged cognitive weaknesses and/or his ability to return to work. Defendants should not be required to spend the time and money to depose this many medical experts in a two-day trial. This Court should strike or at least limit the number of Plaintiff's purported medical experts.

Defendants respectfully request the Court (1) strike one of Plaintiff's electrical engineer experts and order the Plaintiff to select one electrical engineer expert and (2) limit Plaintiff's medical experts in the number of medical experts and to eliminate all redundant/duplicative

opinions. Alternatively, Defendants respectfully request that if this Court does not strike or limit the number of Plaintiff's proposed experts that the cost of taking Plaintiff's proposed expert depositions be shifted to the Plaintiff.

I, S. Virginia Bondurant certify that I attempted in good faith to meet and confer on these issues with Plaintiff's counsel prior to submitting this motion. I sent a meet and confer letter to Plaintiff's counsel on December 21, 2015, and we had a telephonic meet and confer on December 22, 2015. However, we were not able to reach agreement.

Respectfully submitted,

/s/ S. Virginia Bondurant
S. Virginia Bondurant (VSB No. 76516)
Christopher E. Trible (VSB No. 48847)
McGuireWoods LLP
Gateway Plaza
800 Canal Street
Richmond, VA 23219
Tel: (804) 775-1414
   (804) 775-7552
Fax: (804) 698-2192
vbondurant@mcguirewoods.com
ctrible@mcguirewoods.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of December, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

          /s/ S. Virginia Bondurant
S. Virginia Bondurant (VSB No. 76516)
Christopher E. Trible (VSB No. 48847)
McGuireWoods LLP
Gateway Plaza
800 Canal Street
Richmond, VA 23219
Tel: (804) 775-1414
     (804) 775-7552
Fax: (804) 698-2192
vbondurant@mcguirewoods.com
ctrible@mcguirewoods.com

*Counsel for Defendants*